UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. |
| Plaintiff, | JUDGE |
| vs. | INDICTMENT |
| ROBERT DEVON MULLINS, | 18 U.S.C. § 922(g)(1) |
| Defendant. | 18 U.S.C. § 924(a)(8) |
| | 21 U.S.C. § 841(a)(1) |
| | 21 U.S.C. § 841(b)(1)(B)(vi) |
| | FORFEITURE ALLEGATIONS |

*FILED*
*RICHARD W. NAGEL*
*CLERK OF COURT*
*2025 MAR 13 AM 11: 46*
*U.S. DISTRICT COURT*
*SOUTHERN DIST. OHIO*
*EAST. DIV. COLUMBUS*

2:25-CR-37
Judge Morrison

**THE GRAND JURY CHARGES:**

<u>COUNT ONE</u>
**(Possession with Intent to Distribute 40 Grams or More of Fentanyl)**

1. On or about February 15, 2025, in the Southern District of Ohio, the defendant, **ROBERT D. MULLINS,** did knowingly, intentionally and unlawfully possess with intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide, commonly referred to as fentanyl, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi).

<u>COUNT TWO</u>
**(Felon in Possession of a Firearm)**

2. On or about February 15, 2025, in the Southern District of Ohio, the defendant, **ROBERT D. MULLINS,** knowing at that time that he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in or affecting

interstate commerce, a firearm, specifically, a Glock model 32, .357 caliber pistol bearing serial number CCPM069, and ammunition.

**In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).**

## FORFEITURE ALLEGATION A

3.      The allegations of Count One of this Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of 21 U.S.C. § 853(a)(1) and (2).

4.      Upon conviction of the offense set forth in Count One of this Indictment, the defendant, **ROBERT D. MULLINS**, shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), (1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation, and (2) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, including but not limited to:

    a.    Approximately $2,485.00 in United States currency;

    b.    Approximately $4,018.00 in United States currency; and

    c.    A Glock model 32, .357 caliber pistol, bearing serial number CCPM069, and all associated magazines and ammunition.

**Forfeiture notice in accordance with 21 U.S.C. § 853(a)(1) and (2) and Rule 32.2 of the Federal Rules of Criminal Procedure.**

## FORFEITURE ALLEGATION B

5. The allegations of this Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeitures to the United States of America pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

6. Upon conviction of any of the offenses set forth in this Indictment, the defendant, **ROBERT D. MULLINS**, shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in or used in such violation(s) including, but not limited to, a Glock model 32, .357 caliber pistol, bearing serial number CCPM069, and all associated magazines and ammunition.

**Forfeiture notice in accordance with 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.**

## SUBSTITUTE ASSETS

7. If any of the property described above in Forfeiture Allegations A and B, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant, up to the value of the property described above.

A TRUE BILL.

/s/ Foreperson
**FOREPERSON**

**KELLY A. NORRIS**
**Acting United States Attorney**

**KEVIN W. KELLEY**
**Assistant U.S. Attorney**