IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Case No. 2:25-cr-37 |
| Plaintiff, : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | |
| ROBERT MULLINS, : | |
| : | |
| Defendant. : | |

## OPINION & ORDER

This matter comes before this Court on Defendant Robert Mullins' Motion to Modify Conditions of Pretrial Detention pursuant to 18 U.S.C. § 3145(b). (ECF No. 17). Mullins was indicted on two counts: (1) for possession with intent to distribute 40 or more grams of fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi); and (2) for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). (ECF No. 3 at 1–2). Defendant previously appeared before Magistrate Judge Deavers on October 3, 2025, and waived his right to a detention hearing pursuant to 18 U.S.C. § 3142(f). (ECF No. 13 at 1; *see* ECF No. 18). Magistrate Judge Deavers ordered detention pending trial but noted that a detention hearing "will be rescheduled upon written motion." (*Id.* at 1 n.1).

Now Mullins seeks to amend his pretrial detention. He requests, via written motion, that he be either detained in Columbus "or moved to a facility which allows visitation via e-video technology," arguing that his detention in the "infamous" Butler County Jail only permits his family to visit him with a three-hour round trip from Columbus. (ECF No. 17 at 1–2). According to him, other facilities, including those closer to Columbus, would better facilitate communications with his family. (*Id.*).

Mullins' motion ostensibly seeks review and amendment of the magistrate judge's detention order, and this Court would need to decide such a motion promptly. 18 U.S.C. § 3145(b). That review would be conducted *de novo*. *United States v. Wooden*, 2025 WL 407373, at *1 (S.D. Ohio Feb. 5, 2025) (Marbley, J.).

Presently, however, there is nothing for this Court to review *de novo* per 18 U.S.C. § 3145(b) and under the § 3142(g) factors, except for Mullins' indictment, waiver of his right to a detention hearing, and his motion. (*See* ECF Nos. 3, 13, 17, 18). And Mullins neither seeks a detention hearing pursuant to the Magistrate Judge's order or 18 U.S.C. § 3142(f), nor does he seek a revocation of his detention; he only requests a modification. But nothing in Magistrate Judge Deavers' detention order specified that Mullins should be held in the Butler County Jail or be limited to specific types of visitation technology. (*See* ECF No. 13). Thus, this Court construes Mullins' motion as a motion to move to a different facility, and not as a motion seeking "amendment of the [detention] order" under 18 U.S.C. § 3145(b). The question is not whether Mullins should be detained, but how he should be detained.

Mullins' only argument is that "[v]isits with family and loved ones are a necessary part of rehabilitation." (ECF No. 17 at 2). This is insufficient for the relief Mullins requests. "Pretrial detainees do not possess the full range of freedoms that unincarcerated individuals hold." *Ray v. Bryant*, 2023 WL 2586331, at *8 (S.D. Ohio Mar. 21, 2023) (citing *Bell v. Wolfish*, 441 U.S. 520, 546 (1979)).

Even assuming Mullins properly brought a § 3145(b) motion, allegations of a "lack of access to electronic devices" in pretrial detention do not merit revisiting pretrial detention because "they do not have a material bearing on the Court's assessment . . . of whether there are conditions of release that would reasonably assure the safety of the community" and Mullins' appearance.

*United States v. Krol*, 642 F. Supp. 3d 28, 44–45 (D.D.C. 2022); *see also United States v. Ayala*, 2020 WL 1922224, at *1 (N.D. Ohio Apr. 20, 2020) (existence of COVID-19 in jail is immaterial for pretrial detention purposes); *United States v. Taylor*, 2020 WL 2461666, at *3 (W.D. Tenn. May 12, 2020) (similar).  The same can be said of Mullins' request to be detained in a different facility.  Ultimately, Mullins' flight risk and danger to the community are the two issues that this Court would consider *de novo* review under 18 U.S.C. § 3145(b), and neither is implicated by purported rehabilitative benefits of pretrial detention visitations.

The Butler County Jail's visitation restrictions might not be pleasant or ideal for Mullins, but this Court cannot say that they are not properly within the ambit of the jail's legitimate penological interests.  *See generally Block v. Rutherford*, 468 U.S. 576, 584 (1984) (observing that courts should play a "very limited role . . . in the administration of detention facilities"); *see also Ray*, 2023 WL 2586331, at *8 ("Restrictions placed on pretrial detainees are constitutional so long as they do not amount to punishment or otherwise violate the Constitution.").

Mullins provides no authority for why this Court should modify his pretrial detention.  After reviewing the record, this Court declines to modify the magistrate judge's order per Mullins' request to be detained in Columbus or in a facility with video visitation.  Therefore, the Motion is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  October 27, 2025**